IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TELEFLEX INCORPORATED VOLUNTARY INVESTMENT PLAN 155 South Limerick Road Limerick, PA 19468 and TELEFLEX INCORPORATED HOURLY EMPLOYEES' PENSION PLAN 155 South Limerick Road Limerick, PA 19468 and TELEFLEX INCORPORATED 630 West Germantown Pike Plymouth Meeting, PA 19462 | : : : : : : : : : : : : : : : | CIVIL ACTION |
| Plaintiffs | : : | |
| v. | : : | |
| JAMES JESSE 2625 Phipps Avenue Willow Grove, PA 19090 and GLORIA GASKIN 212 Summit Avenue Willow Grove, PA 19090 | : : : : : : : : : | |
| Defendants | : : | NO. |

## **ORDER**

**AND NOW**, this            day of                      , 2002, upon consideration of the Complaint for Interpleader of the Plaintiffs, it is hereby ORDERED that:

      1.    Defendants James Jesse and Gloria Gaskin shall, within twenty (20) days after service of the Complaint and a copy of this Order, each file a Statement of Claim setting forth the facts upon which each bases his or her claim to the retirement benefits accumulated by

775465.1.50

Delores Jesse under the Teleflex Incorporated Voluntary Investment Plan ("Teleflex 401(k) Plan") and/or the pension benefits accumulated by Delores Jesse under the Teleflex Incorporated Hourly Employees' Pension Plan ("Teleflex Pension Plan"), and each defendant shall serve a copy thereof upon each opposing claimant;

    2.    Within twenty (20) days of service of each Statement of Claim, each of the defendants shall file an Answer to each Statement of Claim filed by the other;

    3.    The Teleflex 401(k) Plan, the Teleflex Pension Plan, and Teleflex Incorporated "(Teleflex)" agree that each will maintain the applicable accounts and any funds related thereto in accordance with their requirements and usual practices; and

    4.    James Jesse and Gloria Gaskin, and all other persons with actual notice of this Order who could claim for, by, through or under them and each of them, are hereby enjoined from instituting, commencing or prosecuting any action in any state or United States Court against the Teleflex 401(k) Plan, the Teleflex Pension Plan, Teleflex Incorporated, or any affiliated person or entity, to enforce in whole or in part claims for retirement benefits and/or pension benefits accumulated by Delores Jesse under the Teleflex 401(k) Plan and/or the Teleflex Pension Plan, except as a party to this action as set forth above.

BY THE COURT:

_____
U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TELEFLEX INCORPORATED VOLUNTARY INVESTMENT PLAN<br>155 South Limerick Road<br>Limerick, PA 19468<br>and<br>TELEFLEX INCORPORATED HOURLY EMPLOYEES' PENSION PLAN<br>155 South Limerick Road<br>Limerick, PA 19468<br>and<br>TELEFLEX INCORPORATED<br>630 West Germantown Pike<br>Plymouth Meeting, PA 19462<br><br>            Plaintiffs<br><br>            v.<br><br>JAMES JESSE<br>2625 Phipps Avenue<br>Willow Grove, PA 19090<br>and<br>GLORIA GASKIN<br>212 Summit Avenue<br>Willow Grove, PA 19090<br><br>            Defendants | : : : : : : : : : : : : : : : : : : : : : : : : : : : | CIVIL ACTION<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>NO. |

**COMPLAINT FOR INTERPLEADER UNDER RULE 22
OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiffs Teleflex Incorporated Voluntary Investment Plan ("Teleflex 401(k) Plan"), Teleflex Incorporated Hourly Employees' Pension Plan ("Teleflex Pension Plan"), and Teleflex Incorporated ("Teleflex"), faced with conflicting claims to certain pension benefits and

775465.1.50

retirement benefits accumulated by one Delores Jesse, file this instant complaint to initiate interpleader under Rule 22 of the Federal Rules of Civil Procedure, and aver as follows:

Parties and Background

1. Plaintiff Teleflex Incorporated Hourly Employees' Pension Plan was created under federal law and is administered at 155 South Limerick Road, Limerick, Pennsylvania 19468.

2. Plaintiff Teleflex Incorporated Voluntary Investment Plan was created under federal law and is administered at 155 South Limerick Road, Limerick, Pennsylvania 19468.

3. Plaintiff Teleflex Incorporated is a Delaware corporation, with its principal place of business located at 630 West Germantown Pike, Plymouth Meeting, Pennsylvania 19462. Teleflex is the sponsor and administrator of the Teleflex Pension Plan and the Teleflex 401(k) Plan.

4. Defendant James Jesse, an adult individual, is a citizen and domiciliary of the Commonwealth of Pennsylvania, residing at 2625 Phipps Avenue, Willow Grove, PA 19090. James Jesse married Delores Jesse on September 24, 1983. The defendants disagree as to whether James Jesse and Delores Jesse were married at the time of Delores Jesse's death on June 27, 2001.

5. Defendant Gloria Gaskin, an adult individual, is a citizen and domiciliary of the Commonwealth of Pennsylvania, residing at 212 Summit Avenue, Willow Grove, PA 19090. Gloria Gaskin is the daughter of Delores Jesse.

6. Delores Jesse is a former employee of Teleflex at its North Wales, Pennsylvania facility, which is now part of a company named Triumph Controls. During the course of her employment with Teleflex, Delores Jesse accumulated retirement benefits in the Teleflex 401(k) Plan as well as pension benefits in the Teleflex UAW 1039 Pension Plan, which was merged into the Teleflex Pension Plan in 2001.

7. The accumulated retirement benefits of Delores Jesse under the Teleflex 401(k) Plan have a current value of approximately $69,073.56.

8. The pension benefits of Delores Jesse at issue under the Teleflex Pension Plan have a value of, depending on when the benefit is commenced, between approximately $158.00 and $257.00 per month.

Jurisdiction and Venue

9. This action is being brought pursuant to Federal Rule of Civil Procedure 22.

10. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 29 U.S.C. §1132(a)(3)(B), as this case arises from fiduciaries seeking a declaration as to which claimant is entitled to receive benefits from plans covered by the Employee Retirement Income Security Act ("ERISA").

11. Venue is proper in this district under both 29 U.S.C. §1132(e)(2) and 28 U.S.C. § 1391(b), because the case is being brought (1) in the district where all defendants reside and (2) in the district in which all of the events at issue and the property at issue are or were located.

12.  Personal jurisdiction over each of the defendants is proper under 29 U.S.C. §1132(e)(2).

Statement of Claim for Interpleader

13.  In February 2002, Joe Gaskin, on behalf of defendant James Jesse, advised Matthew Boldt of Teleflex that James Jesse wished to receive the retirement benefits and pension benefits accumulated by Delores Jesse.  James Jesse has produced what is represented as his marriage license with Delores Jesse, as well as her death certificate -- which indicates that he is the surviving spouse.  See Exhibits A and B.

14.  Teleflex sent James Jesse an Affidavit of Beneficiary to sign regarding his claim to Delores Jesse's retirement and pension benefits, and he executed it.  The Affidavit is attached as Exhibit C.

15.  Gloria Gaskin, through counsel, advised Teleflex that she believed that she was entitled to the retirement benefits of Delores Jesse, and that James Jesse was not entitled to the pension benefits at issue.

16.  For example, Gloria Gaskin's attorney has informed Teleflex and plaintiffs' counsel that "it is our legal position that Mr. Jesse does not qualify as a surviving spouse of Delores Jesse and is not entitled to any monies whatsoever from the Teleflex Incorporated Voluntary Investment Plan."  See Exhibit D, Correspondence Dated May 28, 2002 from Frederick C. Horn to Matthew Boldt and Wm. Scott Magargee, III.  This position, as well as Ms. Gaskin's affirmative claim to the retirement benefits at issue, have been reiterated by Ms. Gaskin's counsel in telephone conferences with plaintiffs' counsel.

17. A copy of Section 1.6 of the Teleflex 401(k) Plan, addressing beneficiaries, is attached as Exhibit E.

18. Teleflex has caused the Teleflex 401(k) Plan monies at issue to be held in the PNC Investment Contract Fund under the plan; that is the most conservative investment available and the most appropriate investment in light of the circumstances.

19. The Teleflex 401(k) Plan, the Teleflex Pension Plan, and Teleflex admit that one or more of the defendants is entitled to the pension benefits and retirement benefits.

20. The Teleflex 401(k) Plan, the Teleflex Pension Plan, and Teleflex have no claim on or interest in these pension benefits and retirement benefits.

21. The Teleflex 401(k) Plan, the Teleflex Pension Plan, and Teleflex agree that each will maintain the applicable accounts and benefits, and any funds related thereto, in accordance with their respective requirements and usual practices. This procedure is especially appropriate in light of the fact that some of the benefits at issue are tax-deferred and release of the monies to any third party, including the Court, would place tax advantages at risk for whomever is entitled to the retirement monies.

22. The Teleflex 401(k) Plan, the Teleflex Pension Plan, and Teleflex cannot safely determine without hazard to themselves which claim to the benefits on the part of the defendants is valid and are thus exposed to the threat of multiple liability.

23. The Teleflex 401(k) Plan, the Teleflex Pension Plan, and Teleflex do not have an adequate remedy at law.

24. This complaint is filed in good faith and not in collusion with any of the defendants.

25. The Teleflex 401(k) Plan, the Teleflex Pension Plan, and Teleflex have not subjected themselves to independent liability as to any one of the defendants.

WHEREFORE, Teleflex Incorporated Hourly Employees' Pension Plan, Teleflex Incorporated Voluntary Investment Plan and Teleflex Incorporated pray that this Court enter an Order:

(1) Requiring defendants to interplead in this action concerning their claims to the retirement benefits and/or pension benefits accumulated by Delores Jesse under the Teleflex 401(k) Plan and/or the Teleflex Pension Plan;

(2) Discharging the Teleflex Pension Plan, the Teleflex 401(k) Plan, and Teleflex Incorporated from all liability to any of the defendants on any claims for these pension benefits and/or retirement benefits, upon each plaintiff's agreement to maintain the applicable accounts or benefits, and any funds related thereto, in accordance with their respective requirements and usual practices;

(3) Enjoining defendants, and all other persons with actual notice of this Order who could claim for, by, through or under them and each of them, from commencing or prosecuting any action in any state or United States Court against the Teleflex Pension Plan, Teleflex 401(k) Plan, Teleflex Incorporated, or any affiliated pension or entity, to enforce in whole or in part claims for pension benefits and/or retirement benefits accumulated by Delores Jesse under the Teleflex Pension Plan and/or Teleflex 401(k) Plan;

(4) Allowing the Teleflex Pension Plan, the Teleflex 401(k) Plan, and Teleflex Incorporated, out of the sum at issue, the costs and reasonable attorneys' fees that they have incurred in this action as allowed by law, including 42 Pa. C.S.A. §2503(4); and

(5) Granting such other and further relief as the Court deems proper.

- 7 -

        Respectfully submitted,

        _____
        Marshall Walthew
        Attorney I.D. No. 55329
        Jay M. Green
        Attorney I.D. No. 70914
        DECHERT PRICE & RHOADS
        4000 Bell Atlantic Tower
        1717 Arch Street
        Philadelphia, PA 19103-2793
        (215) 994-4000

        Attorney for Plaintiffs
        Teleflex Incorporated Hourly Employees' Pension Plan,
        Teleflex Incorporated Voluntary Investment Plan and
        Teleflex Incorporated

Dated: July 17, 2002